UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELINDA KAY STODA,<br><br>   Plaintiff,<br><br>   v.<br><br>HOLLY McCAUGHLEY, d/b/a RIVIERA MOBILE HOME PARK; ED DILUCK, d/b/a GOLDEN BELL LLC; TONY BRANSON, Olsen Law Firm PLLC; ASHTON REYAZAT, Olsen Law Firm PLLC,<br><br>   Defendants. | No. 4:19-cv-05017-SAB<br><br>**ORDER DENYING INJUNCTIVE RELIEF; DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION** |

On January 30, 2019, pro se Plaintiff filed a Complaint and Request for Immediate Injunction. ECF No. 1. Plaintiff brings this action "to stop the unlawful stealing of her property, stop harassment and ongoing intentional infliction of emotional distress caused by the Defendants[.]" ECF No. 5 at 3. Plaintiff is attempting to obtain a court order to prevent the foreclosure sale of her mobile home.

**ORDER DENYING INJUNCTIVE RELIEF; DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

^ 1

A review of Plaintiff's Complaint and related filings raises concern about the Court's jurisdiction to hear this matter.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Generally, " '[i]t is presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.' " *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen*, 511 U.S. at 377) (alterations in original). A federal court must dismiss the action if the court determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff's Complaint indicates the Court has federal question jurisdiction over this matter. ECF No. 1 at 3; 28 U.S.C. § 1331. However, Plaintiff's motion for preliminary injunction alleges Defendants violated various Washington laws and administrative codes. ECF No. 5 at 4-6. Thus, it appears that Plaintiff's claims are based on state law, not federal law or the United States Constitution.

Given the questions surrounding subject-matter jurisdiction, the Court denies Plaintiff's request for injunctive relief. Plaintiff is advised that superior courts in the state of Washington are courts of general jurisdiction and may be a more appropriate venue to address the claims raised in the Complaint.

Additionally, the Court dismisses Plaintiff's Complaint with leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (explaining that a pro se plaintiff must be given an opportunity to amend unless it absolutely clear that no amendment can cure the deficiencies in the complaint). Plaintiff shall have thirty (30) days to file an amended complaint. If Plaintiff decides to file an amended complaint, she is advised to amend in a way that demonstrates to the Court why it has subject-matter jurisdiction to hear this case.

**ORDER DENYING INJUNCTIVE RELIEF; DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

^ 2

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Immediate Preliminary Injunction, ECF No. 5 is **DENIED**.
2. Plaintiff's Complaint is **DISMISSED with leave to amend**. Plaintiff shall have thirty (30) days to file an amended complaint. Plaintiff is notified that failure to do so will result in the dismissal of this action.
3. Any remaining motions are **DISMISSED as moot**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and pro se Plaintiff.

**DATED** this 1st day of February 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING INJUNCTIVE RELIEF; DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION ^ 3**